IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICKY LEVERT FRANKLIN, # 101951                              PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 3:12cv423-DPJ-FKB

HINDS COUNTY SHERIFF
DEPARTMENT, REBECCA PITTMAN, and
JAMIE K. MCBRIDE                                             DEFENDANTS

## ORDER OF DISMISSAL

This pro se prisoner case is before the Court for *sua sponte* consideration of dismissal. Plaintiff Ricky Levert Franklin is incarcerated with the Mississippi Department of Corrections and alleges he was wrongfully arrested and prosecuted for sexual battery. The Court has considered and liberally construed his pleadings but concludes that this case should be dismissed.

I.    Background

Franklin was convicted of kidnaping and aggravated assault in Hinds County, Mississippi, for crimes occurring on or about November 7, 2009. Defendant Rebecca Pittman investigated the case on behalf of Defendant Hinds County Sheriff's Department. Defendant Assistant District Attorney Jamie K. McBride prosecuted Franklin. Franklin sued both Pittman and McBride in their individual and official capacities.

Franklin alleges that on November 7, 2009, the victim was taken to the hospital for a rape kit evaluation, which she refused. The next day, Franklin claims the Sheriff's Department arrested him on charges of sexual battery, rape, kidnaping, and aggravated assault. All charges stemmed from the same incident. Two days later, on November 9, Pittman "insisted and ordered" that the rape kit be performed. (Compl. at 2). According to the Complaint, the rape kit

results "came back negative, clearly confirming that there was no DNA or any evidence to indicate that Plaintiff committed the crime of sexual battery." *Id.* Nevertheless, Franklin was indicted and prosecuted for the sexual battery, as well as the remaining charges. The jury convicted Franklin of kidnaping and aggravated assault, acquitted him of sexual battery, and hung on the rape charge.

Franklin has unsuccessfully filed two prior federal claims concerning these charges. In the first, he named Pittman as one of the Defendants. *Franklin v. Smith*, 3:10cv303-FKB, 2012 U.S. Dist. LEXIS 39790 at *1 (S.D. Miss. Mar. 23, 2012). Magistrate Judge F. Keith Ball dismissed that case with prejudice on summary judgment. *Id.* at *13. The second case was against McBride. *Franklin v. McBride*, 3:11cv770-DPJ-FKB (S.D. Miss. Apr. 27, 2012). The undersigned dismissed the Section 1983 claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *Id.* at 5.

Franklin declined to appeal either judgment and instead brought this suit on June 22, 2012, alleging that Defendants wrongfully arrested and prosecuted him for sexual battery. He explicitly invokes § 1983, claiming that because of the rape kit results, Pittman and McBride knew or should have known that Franklin could not be arrested and prosecuted for sexual battery.

**II.   Discussion**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the

2

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Franklin to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

  A.  **Sheriff's Department**

Franklin accuses the Sheriff's Department of unlawful arrest. The Sheriff's Department's capacity to be sued is determined by Mississippi law. Fed. R. Civ. P. 17(b)(3). In Mississippi, a sheriff's department is not a separate legal entity which may be sued; rather, it is an extension of the county. *Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006). Therefore, the Court dismisses the Sheriff's Department.[1]

  B.  **Pittman, Individually**

Franklin next sues Pittman, in her individual capacity, claiming that the negative rape test results precluded an arrest for sexual battery. To begin, Franklin admits he was simultaneously arrested for rape, kidnaping, and aggravated assault. He then states, "the jury at Plaintiff's trial found no excuse or justification for neither actions of . . . Pittman . . . regarding the other charges

---

[1] Even if a separate legal entity, the department would be entitled to dismissal because there was no constitutional violation.

filed against Plaintiff." (Resp. at 2). In other words, Franklin believes the jury's verdict confirms the absence of probable cause for his arrest on *any* charge. But Franklin overlooks the fact that the arrest led to a guilty verdict on the kidnaping and aggravated assault charges and that the jury could not decide whether Franklin raped the victim. *Smith*, 3:10cv303-FKB, 2012 U.S. Dist. LEXIS 39790, at *2. Franklin has failed to show an absence of probable cause.

In any event, the Court has already held that probable cause supported Franklin's arrest, because he admitted "there was probable cause to arrest him for domestic violence." *Id.* at *5. And as this Court found in Franklin's first case:

> the alleged victim of Franklin's crimes reported the crimes, gave a statement, and signed four affidavits against him. Further, Franklin admits he was involved in a physical altercation with the alleged victim on the date in question, but contends that the "adult" activity was consensual. The Court can only surmise that Franklin's contention is that Pittman should not have believed the victim as to whether she voluntarily engaged in "adult" activity with Franklin. . . .
>
> However, the facts were brought before a judge, who found probable cause and issued warrants. Subsequently evidence was presented to the grand jury, and the grand jury indicted Franklin. Significantly, Defendant Pittman did not testify before the grand jury. The probable cause determination of the judge and grand jury relieve Pittman of liability, unless Franklin can show that Pittman's actions tainted the decisions made by the intermediaries. *Jennings v. Patton*, 644 F.3d 297, 301 (5th Cir. 2011). Plaintiff has failed to make any such showing.

*Id.* at *10–11 (citations omitted). Therefore, the Court has already held that probable cause existed for Franklin's arrest and that Pittman is not liable for any Fourth Amendment violation regarding the arrest. Collateral estoppel and *res judicata* apply to Franklin's repetitive suit.

"[I]n forma pauperis complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." *Pittman v. Moore*, 980 F.2d 994, 994 (5th

Cir. 1993). A prisoner proceeding under Section 1915 is not entitled "to avoid the ordinary rules of *res judicata*." *Id.* Because such a subsequent action is repetitive, it is also considered malicious. *Id.* at 995. Therefore, the claims against Pittman, in her individual capacity, are dismissed as frivolous and malicious. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

    **C.    McBride, Individually**

Franklin also brings individual capacity claims against McBride, contending that he knew or should have known the rape kit results precluded prosecution for sexual battery. As with Pittman, Franklin baldly alleges that McBride deceived the court and jury.[2] Franklin does not elaborate, despite being given the opportunity by the Court.

Nevertheless, this claim must be dismissed for two reasons. First, this is Franklin's second suit against McBride regarding the same state-court prosecution, and *Franklin v. McBride*, 3:11cv770-DPJ-FKB carries preclusive effect. Second, a prosecutor enjoys "the same absolute immunity under § 1983 that the prosecutor enjoys at common law." *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Therefore, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431. Furthermore, this immunity extends to deciding whether or not to criminally prosecute. *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990). Because McBride is absolutely immune for the decision to initiate and maintain the criminal prosecution for sexual battery and for his presentation of the State's case on sexual battery, he is dismissed.

---

    [2]It is not clear how the jury was deceived, since it acquitted Franklin on sexual battery.

### D. Official Capacity Claims

Franklin next sues Pittman and McBride in their official capacities based on the same alleged conduct regarding the sexual battery arrest and prosecution. But a claim brought against a government employee in his or her official capacity is actually a claim against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). Thus, the claims against Pittman and McBride in their official capacities are actually claims against Hinds County, Mississippi. But "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Instead, a plaintiff must point to an official policy or custom that caused a constitutional violation. *Id.* at 691. Thus, to state an official capacity claim under Section 1983, Franklin must allege "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell*, 436 U.S. at 694).

#### 1. Wrongful arrest

The wrongful arrest claim against the County fails on the third prong. That is, Franklin cannot, as a matter of law, show that the County caused a constitutional violation. The Court has already held, and Franklin has already admitted in prior litigation, that there was probable cause for the arrest. Therefore, the official capacity claim for arrest without probable cause is both frivolous and a malicious attempt at relitigation. This claim is therefore dismissed and will count as a strike pursuant to Section 1915(g).

### 2. Wrongful prosecution

The Court next examines the official capacity wrongful prosecution claim. "Unlike government officials sued in their individual capacities, municipal entities and local governing bodies do not enjoy immunity from suit, either absolute or qualified, under § 1983." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Since McBride's absolute immunity does not extend to the County, and because the County was not a party to the first suit against McBride, the Court must examine the *Monell* elements to assess the wrongful prosecution claim against the County.

Franklin alleges that the policymaker with respect to this claim is the Hinds County Board of Supervisors. He further asserts the policy was the Board's "single decision" to prosecute Plaintiff for sexual battery. (Resp. at 1). Though highly doubtful, the Court will assume, without deciding, that this is sufficient to satisfy the first two prongs of *Monell* liability. As for the constitutional violation, Franklin offers the prosecution of the sexual battery charge, through "deliberate deception of court and jury," when the County knew or should have known that it could not legally sustain such a conviction. (Compl. at 3).

There "is no freestanding constitutional right" to be free from false charges. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). On the other hand, the knowing use of fabricated evidence may violate procedural due process or other constitutional rights. *Id.* at 953–54, 958. Franklin does not complain of any fabricated evidence, he just complains that the rape kit showed he was innocent of sexual battery. He was given the opportunity to expand on this allegation, but he did not. Instead, Franklin merely states that "[t]he foregoing conclusion [that the prosecutor deliberately deceived the court and jury] follows upon the record fact that the

charge of sexual battery . . . was declared invalid by a state tribunal authorized to make such determination." (Compl. at 3). Franklin surmises that the jury verdict, in and of itself, implies that the prosecutor deliberately deceived both the trial court and jury in some manner with regard to sexual battery. He states no other allegations or facts in support of this conclusion. The most the Court can glean from the allegations is that Franklin contends that the very act of prosecuting him for sexual battery was the deception of which he complains. In other words, he was merely subjected to a false charge. This is not a constitutional violation.

Because Franklin fails to state an official capacity claim for the sexual battery prosecution, this claim is dismissed. This dismissal counts as a strike pursuant to Section 1915(g).

**III.    Conclusion**

The Sheriff's Department is dismissed because it is a non-legal entity. The individual capacity claim against Pittman is dismissed as frivolous and malicious. The claim is contrary to Franklin's previous representations and the Court's prior final judgment, and the claim is merely an attempt to relitigate a previous action. McBride is immune in his individual capacity. The official capacity claims are dismissed as frivolous, malicious, and for failing to state a claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above Defendants Hinds County Sheriff's Department; Rebecca Pittman, in her individual and official capacities; and Jamie K. McBride, in his individual capacity, should be and are hereby **DISMISSED WITH PREJUDICE.** The claims against Defendant Pittman are frivolous and malicious. These dismissals count as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant McBride, in his official capacity, is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief could be granted.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of August, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
